UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMY PETERSON and ANJE EARL, | |
| Plaintiffs, | 3:08-CV-00581-PMP-RAM |
| v. | |
| WASHOE COUNTY; CYNTHIA WYETT; and LIDIA OSMETTI, | ORDER |
| Defendants. | |

Presently before the Court is Plaintiffs' Motion for Partial Summary Judgment (Doc. #52), filed on November 20, 2009. Defendants filed a Response (Doc. #67) on January 6, 2010. Plaintiffs filed a Reply (Doc. #68) on January 11, 2010.

Also before the Court is Defendant Washoe County's Motion for Summary Judgment (Doc. #58), filed on December 8, 2009. Plaintiffs filed a Response (Doc. #66) on January 6, 2010. Defendant filed a Reply (Doc. #76) on February 1, 2010. The Court held a hearing on the Motions on April 30, 2010. (Mins. of Proceedings (Doc. #81).)

**I. BACKGROUND**

The parties are familiar with the facts and the Court will not reiterate them here except as necessary to explain the Court's ruling. On October 31, 2008, Plaintiffs filed a Complaint alleging (1) a sexually hostile work environment, (2) gender discrimination, (3)

1

retaliation, and (4) conspiracy § 1983/1985.[1]  Plaintiffs Amy Peterson ("Peterson") and Anje Earl ("Earl") move for partial summary judgment on their retaliation claim. Defendant Washoe County cross-moves for summary judgment on all claims.

Defendant contends Plaintiffs fail to establish Washoe County, as an employer, is liable for a hostile work environment claim where the undisputed evidence shows that Defendant took adequate remedial measures once it learned of the alleged harassment. After Earl's September 7, 2007 complaint, Jay Mannlein ("Mannlein") was counseled immediately, suspended for a day, and required to attend three counseling sessions. Additionally, when Defendant learned of the Spring Miller/Jay Mannlein relationship issue, it launched a comprehensive investigation.  Finally, when Defendant received Plaintiffs' formal complaint on August 1, 2008, it hired outside counsel and began an investigation.

Defendant also argues Plaintiffs fail to establish Defendant engaged in discrimination or retaliation when it terminated Plaintiffs' department because Defendant had a legitimate nondiscriminatory reason to terminate the department, and both males and females were terminated.  Defendant contends Earl's one day suspension for "ginning up" the Miller/Mannlein relationship and failure to report workplace violence did not constitute gender discrimination or retaliation because she was suspended for violationg employee policy, a legitimate non-discriminatory reason, and Earl fails to show how similarly situated men were treated more favorably.  In addition, Defendant argues Plaintiffs did not suffer an adverse employment action by being transferred to different floors as they still had access to all necessary resources, and it was Plaintiffs who requested the transfers.

In response, Plaintiffs contend the following factual circumstances support a hostile work environment: (1) Mannlein's misconduct, violent, and misogynistic ideation

---

[1] Plaintiffs have since agreed to dismiss the conspiracy claim against Defendant Washoe County.  (Pls.' Opp'n to Def.'s Mot. Summ. J. (Doc. #66) at 8.)

directed at his ex-girlfriend Miller; (2) Mannlein's physical intimidation directed at Plaintiffs and other women; (3) Defendant's long history of refusing to enforce sexual harassment and workplace violence policies; (4) three retaliatory investigations of Earl; and (5) Earl's forced administrative leave of absence.  Plaintiffs also argue that, although Defendant received many complaints regarding Mannlein's misogynistic conduct, Defendant did not conduct an investigation until after it received Plaintiffs' formal complaint.  As a result, Plaintiffs contend Defendant failed to implement timely remedial action to correct Mannlein's behavior.

Plaintiffs contend no question of material fact remains that Defendant retaliated against them.  Plaintiffs argue the undisputed evidence shows that (1) Defendant did nothing to initiate an investigation until after the receipt of formal charges; (2) Defendant ignored workplace violence of others but disciplined Earl for failing to report workplace violence; (3) Plaintiffs were transferred to work stations with less access to information necessary to do their jobs; (4) Defendant initiated three investigations of Earl but refused to investigate Mannlein; and (5) Earl was placed on administrative leave and eventually both Earl and Peterson were terminated.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Initially, the moving party bears the burden of proving there is no genuine issue of material fact.  Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).  If the moving party meets its burden, the burden shifts to the nonmoving party to "set forth specific facts that show a genuine issue for trial."  Id. (internal quotation omitted).  A moving party without the ultimate burden of persuasion at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving

3

1 party does not have enough evidence of an essential element to carry its ultimate burden of
2 persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099,
3 1102 (9th Cir. 2000).  The Court views all evidence in the light most favorable to the
4 non-moving party.  Leisek, 278 F.3d at 898.

**III. DISCUSSION**

"The requisite degree of proof necessary to establish a prima facie case for Title VII . . . on summary judgment is minimal and does not even need to rise to the level of preponderance of the evidence." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994)(emphasis omitted).  Where the plaintiff makes a prima facie showing, the burden shifts to the defendant "to articulate a legitimate, nondiscriminatory reason for the adverse action." Id.  If the defendant meets their burden, then the plaintiff "must demonstrate that the employer's alleged reason for the adverse employment decision is pretext for another motive which is discriminatory." Id.

Pretext is shown in two ways: "(1) indirectly, by showing the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." Chuang v. Univ. of Cali. Davis, Bd. of Trustees, 225 F.3d 1115, 1127 (9th Cir. 2000).  "When the plaintiff offers direct evidence of discriminatory motive, a triable issue as to actual motivation by the employer is created even if the evidence is not substantial." Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir. 1998).  However, where the plaintiff offers circumstantial evidence, "[s]uch evidence of 'pretense' must be 'specific' and 'substantial' in order to create a triable issue of fact." Id. at 1222.

**A. Retaliation**

To make out a prima facie case of retaliation, the plaintiff must show that (1) she engaged in a protected activity, (2) she was subjected to an adverse employment action, and

(3) a causal link exists between the protected activity and the adverse action. Hardage v. CBS Broadcasting, Inc., 427 F.3d 1177, 1188 (9th Cir. 2005). "[A]n action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." Ray v. Henderson, 217 F.3d 1234, 1243 (9th Cir. 2000). For example, "termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion" are adverse employment actions. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). However, declining to hold a job open for an employee, badmouthing an employee outside the job reference context, and ostracism from co-workers do not constitute adverse employment actions. Id. at 928-29.

Plaintiffs Peterson and Earl allege they were subject to adverse employment actions when they were transferred to different floors, and when they eventually were terminated. Additionally, Earl alleges she was subject to an adverse employment action when she was suspended for one day as a result of the Miller/Mannlein investigation, when she was investigated on three different occasions for separate matters, and when she was placed on paid administrative leave.

No question of material fact remains that Peterson and Earl fail to establish a claim for retaliation. Plaintiffs' transfers to different floors do not constitute adverse employment actions. Plaintiffs requested the transfers and they still had access to information necessary to complete their job duties. As to Plaintiffs' terminations, Plaintiffs have failed to establish the causal link between their protected activity and the termination. That Washoe County decided to outsource Plaintiffs' department because of budget cuts is a legitimate reason that is not causally connected to any activity in which Plaintiffs.

Earl has failed to establish the causal link between the statement she provided to Defendant regarding Mannlein's behavior and her subsequent one day suspension. Because Defendant provided evidence that Earl was suspended for violating the employee policy,

5

1 which is a legitimate and non-discriminatory reason, the burden is on Earl to establish
2 Defendant's proffered reason is pretextual.  Contrary to Earl's assertion, Mannlein also was
3 disciplined for violating the employee policy.  Moreover, when Defendant learned of past
4 workplace violence, those who engaged in the violence were disciplined.  Viewing the
5 evidence in the light most favorable to Earl, no question of material fact exists that
6 Defendant's reason for Earl's suspension was not pretextual.

7    Additionally, Earl has provided no case law supporting her argument that
8 conducting an investigation is an adverse employment action.  Earl also has not raised an
9 issue of material fact that placing her on paid administrative leave constituted an adverse
10 employment action when Earl's doctor reported to Defendants that Earl was unable to work.
11 The Court therefore will grant Defendant Washoe County's Motion for Summary Judgment
12 as to Plaintiffs' retaliation claim.

13    **B. Gender Discrimination**

14    To make a prima facie case of discrimination under Title VII, the plaintiff must
15 show that (1) she belongs to a protected class, (2) she was qualified for the position, (3) she
16 was subject to an adverse employment action, and (4) similarly situated individuals outside
17 the protected class were treated more favorably.  Chuang, 225 F.3d at 1123.

18    No material question of fact exists that Earl and Peterson fail to establish a claim
19 for gender discrimination.  As discussed above, Earl and Peterson's transfers to different
20 floors do not constitute an adverse employment action.  As to the terminations, viewing the
21 evidence in the light most favorable to Plaintiffs, no question of material fact exists that
22 similarly situated individuals outside the protected class were not treated more favorably.  It
23 is undisputed that when Defendant outsourced the investigative assistant department, both
24 males and females were terminated.

25    Finally, as to Earl's one day suspension, Earl has failed to establish similarly
26 situated individuals outside the protected class were treated more favorably.  The

1 undisputed evidence shows that once Defendant learned of the previous instances of
2 workplace violence, it disciplined those who violated the employee policy.  Specifically,
3 Defendant disciplined Mannlein when he violated the employee policy.  The Court
4 therefore will grant Defendant Washoe County's Motion for Summary Judgment as to
5 Plaintiffs' discrimination claim.

### C.  Hostile Work Environment

7 "To make a prima facie case of hostile work environment, a person must show
8 that: (1) she was subjected to verbal or physical conduct of a sexual nature, (2) this conduct
9 was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the
10 conditions of the victim's employment and create an abusive work environment.'" Craig v.
11 M & O Agencies, Inc., 496 F.3d 1047, 1055 (9th Cir. 2007) (internal quotations omitted).
12 A "sexually objectionable environment must be both objectively and subjectively offensive,
13 one that a reasonable person would find hostile or abusive, and one that the victim in fact
14 did perceive to be so." Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998).  The
15 Court considers the totality of the circumstances in determining whether conduct is
16 sufficiently severe or pervasive. Brooks, 229 F.3d at 923.  The Court considers "frequency
17 of the discriminatory conduct; its severity; whether it is physically threatening or
18 humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an
19 employee's work performance." Faragher, 524 U.S. at 787-88 (quotation omitted).
20 However, Title VII is not a general civility code, therefore, "simple teasing, offhand
21 comments, and isolated incidents (unless extremely serious) will not amount to
22 discriminatory changes in the terms and conditions of employment." Id. at 788.
23 "An employer is liable for a co-worker's sexual harassment only if, after the
24 employer learns of the alleged conduct, he fails to take adequate remedial measures.  These
25 measures must include immediate and corrective action reasonably calculated 1) to end the
26 current harassment, and 2) to deter future harassment from the same offender or others."

Yamaguchi v. U.S. Dep't of the Air Force, 109 F.3d 1475, 1483 (9th Cir. 1997).

Viewing the evidence in the light most favorable to Plaintiffs, no question of material fact exists to support Plaintiffs' claim for hostile work environment. The undisputed evidence shows that when Earl first reported Mannlein's conduct, he was counseled and disciplined. Further, when Defendant received Plaintiffs' complaint, it initiated an investigation into the allegations. Plaintiffs therefore have failed to provide evidence of a material fact to establish that Defendant failed to take adequate remedial measures once it learned of the alleged conduct. Accordingly, the Court will grant Defendant Washoe County's Motion for Summary Judgment as to Plaintiffs' hostile work environment claim.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. #58) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Partial Motion for Summary Judgment (Doc. #52) is hereby DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall forthwith enter judgment in favor of Defendants.

DATED: May 10, 2010.

_____
PHILIP M. PRO
United States District Judge